<u>NOT FOR PUBLICATION</u>                                         DKT. No. 66

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

JAMES STILE,                          :
                                      :    Civ. Action No. 17-2693(RMB)
          Plaintiff                   :
                                      :
     v.                               :               OPINION
                                      :
WARDEN JORDAN HOLLINGSWORTH           :
*et al.*,                             :
                                      :
          Defendants                  :

APPEARANCES:

Francis X. Manning, Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
Liberty View
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002

Adam Joseph Petit, Esq.
Joseph William Catuzzi, Esq.
STRADLEY RONON STEVENS & YOUNG LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103

Samantha Beth Kats, Esq.
STRADLEY RONON STEVENS & YOUNG LLP
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355
          On behalf of Plaintiff

Jessica Rose O'Neill, Assistant United States Attorney
Office of the U.S. Attorney, District of New Jersey
401 Market Street
4th FLOOR
P.O. BOX 2098
Camden, NJ 08101
          On behalf of Defendants

**BUMB**, United States District Judge

This matter comes before the Court upon Defendant Ravi Sood's Partial Motion for Summary Judgment on Count IV of Plaintiff's Amended Complaint. ("Def's Partial Mot. for Summ. J.," Dkt. No. 66); Plaintiff's Opposition to Defendant's Partial Motion for Summary Judgment on Count IV of Plaintiff's Amended Complaint (Pl's Opp. Brief," Dkt. No. 72); Reply Brief in Further Support of Partial Motion for Summary Judgment on Count IV of Plaintiff's Amended Complaint ("Def's Reply Brief," Dkt. No. 77); and Plaintiff's Sur-Reply Brief in Support of his Opposition to Defendant's for Summary Judgment on Count IV of Plaintiff's Amended Complaint. ("Pl's Sur-Reply Brief," Dkt. No. 78.) This Court will decide the motions on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will grant Defendant's partial motion for summary judgment on Count IV of Plaintiff's amended complaint.

I.   **PROCEDURAL HISTORY**

Plaintiff initiated this action on April 20, 2017. (Compl., Dkt. No. 1). This Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A, and, in an Opinion and Order dated October 23, 2017, the Court dismissed certain claims and permitted claims to proceed. (Opinion and Order, Dkt. Nos. 4, 5.) Defendants moved for dismissal of Plaintiff's remaining claims. (First Mot. to Dismiss, Dkt. No. 29.) Plaintiff responded with a

motion to amend his complaint to state his constitutional claims as tort claims under the Federal Tort Claims Act. (Mot. to Amend, Dkt. No. 32.) Plaintiff was appointed counsel on March 20, 2019. (Order, Dkt. No. 42.) After discussions with the Court, Plaintiff's counsel filed an amended complaint on August 13, 2019. (Am. Compl., Dkt. No. 51.) Upon service of the amended complaint, Defendant Ravi Sood filed the motion for partial summary judgment on Claim IV.

II. **AMENDED COMPLAINT**

Plaintiff alleges the following in his amended complaint, pertinent to the present partial motion for summary judgment. Plaintiff was confined at Fort Dix from June 2015 to December 2017. (Am. Compl. ¶1, Dkt. No. 51.) Dr. Ravi Sood was Plaintiff's primary care physician at FCI Fort Dix. (Id. ¶7.) Under Dr. Sood's care, Plaintiff suffered from at least four painful urinary tract infections in less than one year. (Id. ¶122.) During one of those infections, Plaintiff took a urine test but was not apprised of the positive results of his infection by Dr. Sood for more than a month. (Id. at ¶125.) Even after he was belatedly informed of the positive result, Plaintiff was not given medication for a week. (Id. ¶126.) Plaintiff needlessly suffered painful symptoms for more than a month without medication. (Id. ¶129.)

III. **STANDARD OF REVIEW**

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Daubert v. NRA Group, LLC, 861 F.3d 382, 388 (3d Cir. 2017). "A dispute is "genuine" if 'a reasonable jury could return a verdict for the nonmoving party[.]'" Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 752 (3d Cir. 2019) (quoting Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[A] fact is 'material' where 'its existence or nonexistence might impact the outcome of the suit under the applicable substantive law.'" Id. (citing Anderson, 477 U.S. at 248).

The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there is a genuine issue for trial." Daubert, 861 F.3d at 391 (quoting Celotex Corp. v. Catrett, 447 U.S. 317, 324 (1986) (emphasis in Daubert)). "With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'… that there is an absence of evidence to support the nonmoving party's case." Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 145–46 (3d Cir. 2004) (quoting Celotex, 477 U.S. at 325).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

4

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)). The court's role is "'not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Baloga, 927 F.3d at 752 (quoting Anderson, 477 U.S. at 249)).

IV. **DISCUSSION**

    A.   Exhaustion of Administrative Remedies is Mandatory under the PLRA

Under the PLRA, inmates must "first exhaust the administrative remedies available at the prison level" before proceeding to federal court. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)). Failure to exhaust under the PLRA is an affirmative defense. Jones v. Bock, 549 U.S.

5

199, 216 (2007). To comply with this process and fully exhaust administrative remedies, an inmate must first attempt an informal resolution with prison staff. See 28 C.F.R. § 542.13(a). If these efforts fail, the inmate must then submit an administrative remedy request to the warden within twenty days of the occurrence that is the basis of the request. See 28 C.F.R. § 542.14(a), (c). If the inmate is unsatisfied with the warden's response, the inmate may then submit an appeal to the appropriate Regional Director within twenty days of the date of the warden's response. See 28 C.F.R. § 542.15(a). An inmate may appeal the Regional Director's response to BOP's Central Office, General Counsel, within thirty days of the Regional Director's response. Id. An inmate has fully exhausted administrative remedies only when the General Counsel considers the appeal or time for doing so expires. 28 C.F.R. § 542.15(a).

    B.    Undisputed Material Facts

> 1. At all times relevant to the allegations in the Amended Complaint, Plaintiff was a federal inmate designated to FCI Fort Dix.
>
> 2. On May 9, 2016, Plaintiff visited Health Services at FCI Fort Dix for medical treatment for a urinary tract infection.
>
> 3. Plaintiff was assessed a $2.00 copay.
>
> 4. On June 1, 2016, Plaintiff filed a request for an administrative remedy regarding the imposition of the $2.00 copay.
>
> 5. On June 15, 2016, Warden Jordan Hollingsworth responded to Plaintiff's

6

>request for an administrative remedy regarding the copay and denied the request.
>
>6. On June 22, 2016, Plaintiff appealed the denial of his request for an administrative remedy concerning the copay for the May 2016 visit to Health Services.
>
>7. On July 25, 2016, the Regional Director responded to Plaintiff's appeal and denied it.
>
>8. On August 9, 2016, Plaintiff appealed the denial of his appeal by the Regional Director to the Central Office.
>
>9. On September 7, 2016, the Central Office denied this appeal.
>
>10. Plaintiff filed administrative remedy requests in November 2016 and December 2016.

(Def's SOMF, Dkt. No. 66-2; Declaration of Corrie Dobovich ("Dobovich Decl."), Dkt. No. 66-3; Declaration of James Stile ("Stile Decl."), Dkt. No. 72 at 18-46; Supplemental Declaration of Corrie Dobovich ("Dobovich Suppl. Decl."), Dkt. No. 77-1; Ex. 1.) The parties dispute whether Petitioner exhausted his present claim against Dr. Sood in the above described appeals to the Regional Director and the Central Office.

    C.   The Parties' Arguments

Defendant submits that Plaintiff did not meet any of the four levels of exhaustion with respect to his claim that Dr. Sood delayed in treating a urinary tract infection, and he cannot demonstrate that exhaustion would have been futile. According to the BOP's records of administrative remedy requests, as set forth

7

in the declarations of Corrie Dobovich, Plaintiff has never filed an administrative remedy request challenging any aspects of the care provided for this condition; the only remedy he sought was related to the copay associated with his treatment. (Dobovich Decl. ¶4; see generally Dobovich Suppl. Decl.))

To the contrary, Plaintiff asserts that he fully exhausted his administrative remedies regarding his claim against Dr. Sood. Plaintiff provides a May 5, 2016 informal remedy request submitted on BOP form BP-8 (Ex. A, Dkt. No. 72 at 27), where he complained to medical staff, to not avail, of having kidney pain throughout April, though medical staff knew of his history of kidney cysts and urinary tract infections. The BOP responded that he was scheduled for an evaluation on May 13. Then, on May 10, 2016, Plaintiff filed another BP-8 form (Stile Decl. ¶11; Ex. B, Dkt. No. 72 at 30) complaining of kidney pain and demanding an immediate examination.

Plaintiff contends that he exhausted his administrative remedies concerning his kidney pain and urinary tract infections by filing forms BP-9 on June 1, 2016 (Id. ¶12; Ex. D), and appealing denial of that administrative remedy on form BP-10 to the BOP Northeast Regional Director (Id. ¶13; Ex. E), and appealing that denial on form BP-11 to the General Counsel in the BOP Central Office. (Id. ¶¶14, 15; Ex. F).

8

In reply, Defendant submitted the supplemental declaration of Corrie Dobovich. (Dkt. No. 77-1.) Ms. Dobovich provided a summary of all Plaintiffs' requests for administrative remedies from January 1, 2016, to December 23, 2016. (Id.; Ex. 1.) Plaintiff filed 104 requests for administrative remedies during that time, but only four remedies were associated with complaints regarding his kidneys or a urinary tract infection. (Dobovich Suppl. Decl. ¶2.)

For example, in Remedy ID Number 862608-Fl, filed with the Warden of FCI Fort Dix on or about May 17, 2016, Plaintiff requested a plan for his kidney issues. (Dobovich Suppl. Decl. ¶3.) Plaintiff did not appeal the Warden's response through the required levels of the Administrative Remedy process. (Id.)

Plaintiff subsequently filed three requests for administrative remedies challenging the $2.00 copay associated with kidney-related medical appointments. (Id. ¶4, citing Exs. D through F to Stile Decl.) In those requests, Plaintiff did not complain about waiting for his urinary infection test results; rather, he was seeking relief from having to pay $2.00 each time he saw medical providers about his condition. Defendant argues that these administrative remedy requests did not put the agency on notice of Plaintiff's complaint about Dr. Sood. In his sur-reply, Plaintiff maintains that the BOP's response to his administrative complaints show that the BOP was aware he was

9

complaining about indifference to his medical care. (Pl's Sur-Reply Brief, Dkt. No. 78.)

D. Analysis

The PLRA demands proper exhaustion of administrative remedies before a prisoner may file suit about any prison conditions. 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. at 93 ("the PLRA exhaustion requirement requires proper exhaustion.") "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218.

After an attempt at informal resolution of a prisoner's complaint fails, the BOP's administrative remedy procedure requires:

> The inmate shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue. For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.

28 C.F.R. § 541.14(c)(2).

Pertinent to this motion for summary judgment, Plaintiff alleges Dr. Ravi Sood was deliberately indifferent to his serious medical needs by failing to advise Plaintiff of his positive test

10

results for a urinary tract infection and not prescribing medication for that infection until more than a month later. While it is true that Plaintiff generally complained in his administrative remedies that his kidney pain was not addressed as expeditiously as he desired, and that he had a history of urinary tract infections, nothing in the administrative remedies that were exhausted through the Central Office level would have put the BOP on notice that Plaintiff was tested for a urinary tract infection on a certain date and that he did not get the positive tests results or any treatment for the condition until more than one month after the test results. In fact, even the amended complaint is unclear as to when Plaintiff tested positive for a urinary tract infection.[1]

---

[1] It appears that Plaintiff had an ultrasound in March 2016 and that he was scheduled for another test on May 13, 2016, but neither the amended complaint nor the administrative remedy requests demonstrate when Plaintiff tested positive for a urinary tract infection but was not treated for it until a month later. (See Am. Compl. ¶¶125-127.) Plaintiff further alleged "under Dr. Sood's care, Mr. Stile suffered from at least four painful urinary tract infections in less than one year." (See Am. Compl. ¶122.) A medical provider is not deliberately indifferent solely because a patient suffers recurring infections. See Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016) ("We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

The purpose of mandatory exhaustion of administrative remedies is to permit the agency to resolve issues without the necessity of a lawsuit. See Woodford, 548 U.S. at 89. ("Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.") Agencies cannot be expected to resolve issues that are not clearly presented. If Plaintiff had complained that he was tested for a urinary tract infection on a particular date and did not yet have the results, the BOP would have had an opportunity to do something about it. By not clearly stating the issue, Plaintiff failed to properly exhaust his administrative remedies. Thus, the Court will grant Dr. Sood's motion for summary judgment.[2]

V. **CONCLUSION**

For the reasons discussed above, Defendants' Partial Motion for Summary Judgment is GRANTED.

An appropriate Order follows.

**Date: May 29, 2020**

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff requested discovery on the issue of exhaustion in the event the Court was inclined to grant Defendant's motion for summary judgment. (Pl's Opp. Brief, Dkt. No. 72 at 16.) In Plaintiff's declaration in opposition to the motion for summary judgment he argued that he exhausted administrative remedies as of August 2016. Plaintiff has not proffered what further discovery would yield.

12