<u>NOT FOR PUBLICATION</u>                                              ECF 86

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

JAMES STILE,                          :
                                      :   Civ. Action No. 17-2693(RMB)
          Plaintiff                   :
                                      :
     v.                               :           **OPINION**
                                      :
WARDEN JORDAN HOLLINGSWORTH           :
*et al.*,                             :
                                      :
          Defendants                  :

APPEARANCES:

Francis X. Manning, Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
Liberty View
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002

Adam Joseph Petitt, Esq.
Joseph William Catuzzi, Esq.
STRADLEY RONON STEVENS & YOUNG LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103

Samantha Beth Kats, Esq.
STRADLEY RONON STEVENS & YOUNG LLP
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355
          On behalf of Plaintiff

Jessica Rose O'Neill, Assistant United States Attorney
Peter Gregory Vizcarrando, Assistant United States Attorney
Office of the U.S. Attorney, District of New Jersey
401 Market Street, 4th FLOOR
P.O. BOX 2098
Camden, NJ 08101
          On behalf of Defendants

**BUMB**, United States District Judge

Plaintiff brought this <u>Bivens</u> and Federal Tort Claim action, alleging he was subjected to unconstitutional conditions of confinement while incarcerated for two years at the Federal Correctional Institution in Fort Dix, New Jersey. This matter comes before the Court upon Defendants Warden Jordan Hollingsworth and Warden David Ortiz's ("Defs") motion for reconsideration of this Court's order granting in part and denying in part their motion to dismiss Counts I, II and III of Plaintiff's amended complaint. (Mot. for Reconsideration, Dkt. No. 86.) Plaintiff opposes reconsideration. (Pl's Opp. Brief, Dkt. No. 87.) For the reasons discussed below, the Court grants reconsideration in part by denying the qualified immunity defense at the motion to dismiss stage, and denies reconsideration in part by assuming the existence of a <u>Bivens</u> claim.

I.  PROCEDURAL HISTORY

Plaintiff initiated this action on April 20, 2017. (Compl., ECF No. 1.) This Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A. On October 23, 2017, the Court dismissed certain claims and permitted claims related to the environmental conditions at FCI Fort Dix against Wardens Hollingsworth and Ortiz to proceed, noting that they were subject to further briefing pursuant to the United States Supreme Court's decision in <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843 (2017). (Opinion and

Order, ECF Nos. 4, 5.) Defendants moved for dismissal of Plaintiff's remaining claims. (First Mot. to Dismiss, ECF No. 29.) Plaintiff responded with a motion to amend his complaint to state his constitutional claims as tort claims under the Federal Tort Claims Act. (Mot. to Amend, ECF No. 32.) Plaintiff was appointed counsel on March 20, 2019. (Order, ECF No. 42.) After discussions with the Court, counsel filed an amended complaint on August 13, 2019. (Am. Compl., ECF No. 51.) Upon service of the amended complaint, Defendants filed a Partial Motion to Dismiss Counts I, II and III of Plaintiff's Amended Complaint. ("Defs.' Partial Mot. to Dismiss," ECF No. 65.) The Court granted in part and denied in part the motion to dismiss by Opinion and Order dated June 4, 2020. (Opinion, Dkt. No. 82; Order, Dkt. No. 83.) Defendants' motion for reconsideration followed.

II.   MOTION FOR RECONSIDERATION

  A.   Standard of Review

Motions for reconsideration are permitted by Local Civil Rule 7.1(i) for matters which a party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment, "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v.

3

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 1218 (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

    B.    The Parties' Arguments

Defendants seek reconsideration on two issues; first, whether it was clear legal error to postpone ruling on the qualified immunity defense at the motion to dismiss stage; and second, whether it was clear legal error to assume a Bivens cause of action before proceeding to the qualified immunity defense if the qualified immunity defense is not granted. (Brief in Supp. of Defs' Mot. for Reconsideration, Dkt. No. 86-1 at 6.)[1]

    1.    *Qualified immunity*

Defendants submit that the Court erred by postponing resolution of their qualified immunity defense based on disputed facts, rather than assuming Plaintiff's allegations to be true and determining whether the claim was supported by clearly established law. (Id. at 10-12.) Defendants contend that while a court may postpone resolution of qualified immunity based on disputed facts

---

[1] Page citations are to the page numbers assigned by the Court's Case Management Electronic Case Files ("CM/ECF.")

4

at the summary judgment stage, it is improper to do so at the motion to dismiss stage. (Id.)

In opposition to Defendants' motion for reconsideration on qualified immunity, Plaintiff counters that it is well settled that the qualified immunity defense may present factual issues that cannot be resolved at the motion to dismiss stage. (Pl's Mem. of Law in Opp. to Defs' Mot. for Reconsideration, Dkt. No. 87 at 6-7.) Moreover, Plaintiff argues that the Court found Plaintiff alleged a sufficient factual basis to state a violation of clearly established rights under the Eighth Amendment. (Id. at 6.)

The Court's purpose in postponing resolution of the qualified immunity issue was to permit discovery on Plaintiff's allegations regarding his level of exposure to asbestos and contaminated drinking water, defendants' knowledge of this exposure, and Plaintiff's allegations of the resulting damage to his present and future health, particularly because many of Plaintiff's allegations are made "upon information and belief." Making allegations "upon information and belief" requires a degree of faith that discovery will provide evidence to support "the belief", but Plaintiff has been appointed counsel and the Court relies on the standard for pleadings set forth in Federal Rule of Civil Procedure ("FRCP") 11.

The Third Circuit recently stated that when the practical effect of a district court's order is to permit discovery on a

5

Plaintiff's claim over the defendant's assertion of the qualified immunity defense, the court has denied qualified immunity at the motion to dismiss stage. Weimer v. Cty. of Fayette, Pennsylvania, 972 F.3d 177, 185 (3d Cir. 2020); see also Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) (denial of qualified immunity at the motion to dismiss stage is immediately appealable even if the district court "reserved ruling on a defendant's claim to immunity" until a later stage of the litigation because the "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted.") Therefore, for the reasons discussed below, the Court will deny qualified immunity to Defendants at the motion to dismiss stage.

When the allegations in paragraphs 13-38 and 84-104 of the amended complaint are accepted as true and the Court expects are being made in compliance with FRCP 11, a reasonable person would have known it would violate the Eighth Amendment to not take reasonable steps to abate Plaintiff's exposure to asbestos and harmful chemicals in his drinking water that caused damage to his present and/or future health. The Supreme Court case of Helling v. McKinney, and the Third Circuit case of Atkinson v. Taylor clearly establish that a prison official, with deliberate indifference, exposes an inmate to levels of a toxic substance "that pose an unreasonable risk of harm to his future health" violates the Eighth Amendment. Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003)

6

(citing Helling v. McKinney, 509 U.S. 25 (1993)). See White v. Pauly, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (explaining that clearly established law, for purposes of qualified immunity, must make apparent the unlawfulness of the conduct that violates the Constitution). Although the toxic substance in Atkinson and Helling was environmental tobacco smoke ("ETS"), a reasonable person would understand that the same standard applies to the high level of exposure to harmful chemicals alleged to contaminate Plaintiff's drinking water and Plaintiff's daily exposure to breathing in asbestos, because these contaminates at sufficient levels are widely known to be dangerous to human health. Once again, it bears repeating that the Court assumes compliance with Rule 11. Therefore, the Court grants reconsideration of postponing the qualified immunity issue and denies qualified immunity to Defendants at the motion to dismiss stage, noting that the issue may be resurrected at the summary judgment stage.

2. *Existence of a Bivens Cause of Action*

Defendants acknowledge that a court may assume the existence of a Bivens cause of action if it then dismisses the action on other grounds, such as qualified immunity, but that a court may not otherwise assume the existence of a cause of action to permit a claim to proceed. (Brief in Supp. of Defs' Mot. for Reconsideration, Dkt. No. 86-1 at 12-14.) Defendants argue that the issue of whether a Bivens cause of action exists is antecedent

7

to the qualified immunity defense, and both should be resolved at early stages in a case. (Id. at 13-15.) Plaintiff maintains that a court may assume a cause of action exists without dismissing the claim on another basis because the existence of a cause of action is not jurisdictional, citing Burks v. Lasker, 441 U.S. 476, n. 5 (1979). (Pl's Mem. of Law in Opp. to Defs' Mot. for Reconsideration, Dkt. No. 87 at 7-8.)

The Court denies reconsideration of its decision to assume the existence of a Bivens cause of action at the motion to dismiss stage because Defendants have failed to establish clear error. It is well settled that "[t]he question whether a cause of action exists is not a question of jurisdiction, and therefore may be assumed without being decided." Burks v. Lasker, 441 U.S. 471, 476 (1979); see also Hicks v. Ferreyra, 965 F.3d 302, 310 (4th Cir. 2020) (citing Air Courier Conference of Am. v. Am. Postal Workers Union, 498 U.S. 517, 523 n.3 (1991) ("Whether a cause of action exists is not a question of jurisdiction....") While the Court acknowledges the Third Circuit's guidance that "threshold questions are called that for a reason, and it will often be best to tackle head on whether Bivens provides a remedy, when that is unsettled" but the language is not mandatory and the issue arose in Bistrian at the summary judgment stage, after the parties failed to address it in the district court. Bistrian v. Levi, 912 F.3d 79, 89 (3d Cir. 2018). Defendants are not precluded from arguing,

8

in a motion for summary judgment, that the Court should not extend a Bivens damages remedy in this matter. Based on facts presented in discovery, Defendants may have additional arguments supporting their position that special factors counsel hesitation in implying a Bivens damages remedy here. Particularly where the case involves an issue of first impression, it may be beneficial to conduct discovery before making that determination.

V.  CONCLUSION

For the reasons discussed above, the Court grants reconsideration in part by denying the qualified immunity defense at the motion to dismiss stage, and denies reconsideration in part by assuming the existence of a Bivens claim.

An appropriate Order follows.

**Date:  January 29, 2021**         s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE**